## STEPHEN M. MARBLE *vs.* REUBEN SNOW.

The plaintiff in error is not entitled to costs, where a judgment of the Court of Common Pleas is reversed for *error in law.*

THIS was a writ of error. The action was originally brought before a Justice of the Peace, where the defendant in error prevailed, and the other party appealed. At the Court of Common Pleas, the defendant in error again recovered judgment, and the then defendant, now plaintiff in error, filed exceptions and brought his writ of error. At a former term of this Court, the judgment was reversed, because the Court of Common Pleas had admitted illegal evidence. The plaintiff in error claimed costs, but the clerk refused to allow them, from which an appeal was taken, and the claim was renewed at this term.

*J. C. Woodman,* for the plaintiff in error, cited and relied upon the *stat.* of 1821, *ch.* 59, § 17, which provides, that " in all actions, as well those of *qui tam,* as others, the party prevailing shall be entitled to his legal costs." *Woodman* contended, that the decisions on this subject were opposed to the plain, unequivocal, and decided language of the statute, and operated as a repeal of it by judicial construction, and without giving any reasons for their decisions. He said, the Courts have admitted, that there was no reason why costs in such cases should not be allowed. *Brown v. Chase,* 4 *Mass. R.* 436. Where judgment is arrested, costs follow. *Gibson v. Waterhouse,* 5 *Greenl.* 24 ; *Little v. Thompson,* 2 *Greenl.* 228. And there is quite as much law and reason for allowing costs in this case, as in that. The true principle is, that where judgment is reversed, the same judgment ought to be rendered here, which the Common Pleas should have rendered. He cited and commented upon *Howe v. Gregory,* 1 *Mass. R.* 81 ; *Berry v. Ripley,* 1 *Mass. R.* 167 ; *Durell v. Merrill,* 1 *Mass. R.* 411 ; *Mountfort v. Hall,* 1 *Mass. R.* 443 ; *Smith v. Franklin,* 1 *Mass. R.* 480 ; *Nelson v. Andrews,* 2 *Mass. R.* 164 ; *Johnson v. Wetherbee,* 3 *Pick.* 247 ; *Kavanagh v. Askins,* 2 *Greenl.* 397 ; *Bruce v. Learned,* 4 *Mass. R.* 614, and *Jarvis v. Blanchard,* 6 *Mass. R.* 4.

*Haines,* for the defendant in error, said, that the principle on which the decisions might fairly rest was, that a party ought not to be made responsible for judicial errors. Where there are very numerous decisions on the construction of the same statute, the *authority* is equally binding, whether the *reasons* leading to such conclusions be given or omitted. The authorities cited on the other side, with *Knapp* v. *Crosby,* 1 *Mass. R.* 479, and *Dean* v. *Dean,* 2 *Pick.* 25, are entirely conclusive, as far as any decisions can make any question. The case of *Bullard* v. *Brackett,* 2 *Pick.* 85, where costs were allowed on a writ of error, was where the reversal of the judgment was for error in fact, and not for error in law. This is a discretionary power, and does not come within the provision of the statute, but is settled by the rules of the Court.

The opinion of the Court was afterwards drawn up by

SHEPLEY J.—Costs are claimed in this case for the plaintiff in error, the judgment having been reversed for error in law. It is not denied that the practice has been to refuse costs both in *Massachusetts* and in this State, in such cases. The plaintiff relies for his costs upon the unqualified language of the statute, in the following words, "and in all actions, as well those of *qui tam* as others, the party prevailing shall be entitled to his legal costs." *Rev. Stat. ch.* 59, *sec.* 17. This language was copied from the statute of *Massachusetts* of the thirtieth of *October,* 1784, § 9. While this State was a part of *Massachusetts,* the statute had received a judicial construction, which was uniform and well known, having been the same for more than thirty years. The reason for excepting the case of a plaintiff in error, prevailing for error in law, from the operation of the statute, does not seem to have been given. It may have been, that the courts regarded the statute as imposing costs upon the party in fault. And when judgments are reversed for error in law, the fault being in the Court, not in the party, the reason ceasing, the costs were not allowed. There is some analogy between such a construction, and the one given to the statute in *Ryder* v. *Robinson,* 2 *Greenl.* 127, where the demandants in a real action died, and the action abated, the Court denied costs to the tenant, "the writ being abated by the act of *God.*" Yet it is said, in *Brown* v. *Chase,* 4 *Mass. R.* 436, that "the Chief Justice ob-

served, that he saw no sufficient reason why costs should not be given. But the practice having been uniform not to grant them, where the judgment is reversed for error in law, it cannot be shaken without great consideration." And the costs were refused. The defendant in error, in *Massachusetts* as well as in this State, is allowed his costs, and it may be for the reason before stated, that the plaintiff would be the party in fault, because the result has proved the decision of the tribunal complained of to have been correct. If this were a question of construction established only by long practice and judicial decisions, no reasons being given for such decisions, and it having been stated in one of them, that no sufficient reason could be given, this Court might not feel itself bound by such construction, and might decide, that the plaintiff should be allowed his costs. But the Court must regard such construction as established by the legislative department; and it cannot now be departed from without assuming legislative power, consistently with principles already declared by this Court, in several cases, to be binding upon it.

The principles alluded to are, that when a statute of *Massachusetts* has received a well known, judicial construction, and has been re-enacted in this State, " the legislature of this State have sanctioned that construction by the adoption of language in conformity with it." 1 *Greenl.* 186, *Bailey* v. *Rogers et al.*; 5 *Greenl.* 19, *Gibson* v. *Waterhouse ;* 5 *Greenl.* 74, *Hathorne* v. *Cate.*

If any alteration of the law respecting costs in cases like the present, is desirable, such alteration should be made by the legislative power.

*No costs allowed.*